# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

============================

## ON REHEARING

============================

## NO. 03-03-00522-CR

**The State of Texas, Appellant**

**v.**

**Brenda Huddleston, Appellee**

**FROM THE COUNTY COURT OF MILAM COUNTY**
**NO. CR26751, HONORABLE FRANK SUMMERS, JUDGE PRESIDING**

## O P I N I O N

Our previous opinion and judgment issued on October 28, 2004 in this cause are withdrawn.

Following her arrest for driving while intoxicated, appellee Brenda Huddleston filed a motion to suppress evidence. The trial court granted Huddleston's motion and attached a finding of "not guilty" to its written order. The State appeals this order. *See* Tex. Code Crim. Proc. Ann. art. 44.01(a)(5) (West Supp. 2004). We will modify the trial court's order to delete the not guilty finding and affirm it as modified.

## Background

The only witness at the suppression hearing was Milam County Sheriff's Department Officer John Donahoo. In addition to Donahoo's testimony, the State also offered in evidence a videotape of the incident made by the officer's in-car video camera.

At approximately 10:30 p.m. on March 21, 2003, Officer Donahoo was patrolling U.S. Highway 79 near Milano in Milam County. As the officer was traveling westbound towards Nat's Bar, a car pulled out from the bar's parking lot and also proceeded westbound. The officer testified that he quickly caught up with the vehicle and within one-and-a-half miles of the bar observed it drift twice to the right side of the roadway and cross over the white shoulder stripe, or fog line.[1] After these two movements across the fog line, Donahoo activated the video camera in his patrol car. The video shows that the right wheels of the car crossed the fog line three more times during the next three minutes. Donahoo testified that, in total, the vehicle crossed the fog line five times over a five-to-six mile distance. He never saw the vehicle cross the yellow line separating the two lanes of traffic. To the contrary, the video shows that the vehicle consistently stayed to the right in its lane of traffic.

Donahoo testified that the vehicle's speed fluctuated between 58-64 mph; the posted limit was 65 mph. The officer testified that neither the individual movements across the fog line nor the fluctuating speed of the vehicle was unlawful or unsafe. Donahoo said that the vehicle neither

---

[1] The videotape shows that Highway 79 is divided into two lanes, one eastbound and one westbound. On the outside of each lane is a solid white stripe, referred to in the record as the fog line, separating the lane from the paved shoulder of the road. Donahoo testified that this improved shoulder was about six feet wide.

swerved nor veered, but instead moved to the right in a slow, gradual manner before moving in a similar manner back to the left. Only the vehicle's right tires crossed the stripe. On only one occasion shown on the videotape did the vehicle cross the fog line by more than a few feet: while it was negotiating a curve to the right, about half of the car crossed over the fog line onto the improved shoulder. The officer testified that while none of these movements, individually, was unsafe, he believed that the number of crossings made the vehicle's movements unsafe.

Officer Donahoo testified that he stopped the vehicle for failing to stay within a single marked lane. *See* Tex. Transp. Code Ann. § 545.060 (West 2004).[2] He identified Huddleston as the driver of the vehicle. After seeing an open bottle of beer in Huddleston's lap and conducting field sobriety tests, Donahoo arrested Huddleston for driving while intoxicated.

The sole issue at the hearing was whether Donahoo's initial stop of Huddleston's vehicle was valid. The trial court found that the officer did not have reasonable suspicion to stop Huddleston and concluded that the stop was unlawful. Consequently, the trial court orally granted the motion to suppress. The State filed a motion for rehearing, but no hearing on the motion was held. The court later filed written findings of fact and conclusions of law, together with a written order granting the motion to suppress and finding Huddleston "not guilty." The State appealed.

---

[2] This statute provides, in relevant part:

An operator on a roadway divided into two or more clearly marked lanes for traffic:

(1) shall drive as nearly as practical entirely within a single lane; and

(2) may not move from the lane unless that movement can be made safely.

Tex. Transp. Code Ann. § 545.060(a) (West 2004).

3

### *Standard of review*

A bifurcated standard is used to review an order granting or denying a motion to suppress. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). An appellate court must give "almost total deference to a trial court's determination of the historical facts that the record supports," especially when those fact findings are based on an evaluation of credibility and demeanor. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). The same level of deference should also be accorded a trial court's rulings on mixed questions of law and fact if those decisions turn upon the credibility and demeanor of the witnesses. *Id.*; *Hayes v. State*, 132 S.W.3d 147, 151 (Tex. App.—Austin 2004, no pet.). Appellate courts review de novo, however, mixed questions of law and fact that do not turn on the credibility and demeanor of the witnesses. *Carmouche*, 10 S.W.3d at 327; *Guzman*, 955 S.W.2d at 89; *Hayes*, 132 S.W.3d at 151.

### *Discussion*

The State complains that: (1) some of the trial court's findings of fact are not supported by the record; (2) the court's conclusion that the officer did not have a reasonable basis for stopping Huddleston's car is contrary to the facts and the law; and (3) the court exceeded its authority when it added a finding of "not guilty" to its order granting the motion to suppress.

### *Findings*

The trial court made the following findings:

A. The Court finds that defendant was driving her vehicle towards Rockdale around 10:40 P.M. when her right side tires crossed over the white fog line on Highway 79. The Officer testified that only her right side tires moved over the line on

five occasions within a 5-6 mile distance. The officer testified that the defendant did not swerve or veer over the line but gradually moved to the right as oncoming traffic was approaching.

B. The officer said that the defendant's actions were not unsafe or dangerous, and that it was not against the law to drive on the shoulder of the highway.

The State urges that there are two errors in the court's findings shown by the record. First, the State complains that the court erred in stating that Donahoo testified that Huddleston "did not swerve or veer over the line but gradually moved to the right *as oncoming traffic was approaching*." (Emphasis added.) The State does not deny that the officer repeatedly testified that Huddleston did not swerve or veer over the fog line. The State points out, however, that the officer testified that the first two times Huddleston moved over the line—the two times not shown on the videotape—there was no oncoming traffic. Moreover, of the three crossings of the fog line shown on the videotape, two were made in the face of oncoming traffic but the third was not.

The other factual error asserted by the State is in the court's finding that "[t]he officer said that the defendant's actions were not unsafe or dangerous." The State concedes that the officer did testify that considering each act individually, Huddleston never crossed the fog line in an unsafe manner. The State draws attention, however, to the officer's testimony that he believed that "the number of times that she crossed the line was unsafe." According to the officer, it was this "pattern" that led him to conclude that a traffic offense had been committed.

Having reviewed Donahoo's testimony and reviewed the videotape, we believe that it is more accurate to characterize the challenged findings as incomplete rather than erroneous. For

5

the purposes of this appeal, we will take into consideration the additional testimony cited by the State.

### *Reasonable suspicion*

A warrantless automobile stop is a Fourth Amendment seizure analogous to a temporary detention, and it must be justified by reasonable suspicion. *Berkemer v. McCarty*, 468 U.S. 420, 439 (1984); *Hernandez v. State*, 983 S.W.2d 867, 869 Tex. App.—Austin 1998, pet. ref'd). A detaining officer must have specific articulable facts which, taken together with rational inferences from those facts, lead him to conclude that the person detained is, has been, or soon will be engaged in criminal activity. *Woods v. State*, 956 S.W.2d 33, 35 (Tex. Crim. App. 1997); *Hernandez*, 983 S.W.2d at 869.

At the suppression hearing, the only justification offered for stopping Huddleston was Officer Donahoo's belief that she had violated section 545.060 by failing to remain within a single lane. Under this statute, a violation occurs only when a vehicle fails to stay within its lane and such movement is not safe or is not made safely. *Hernandez*, 983 S.W.2d at 871. Donahoo testified that Huddleston never crossed the fog line in an unsafe manner. Instead, he said that Huddleston's repeated crossings of the line established a "pattern" in violation of the statute. Section 545.060 requires drivers to remain in a single lane "as nearly as practical," but allows lane changes if "that movement can be made safely." Witnessing Huddleston safely cross the fog line five times over a stretch of six miles did not give Donahoo a reason to suspect that she was unsafely failing to remain in a single lane in violation of section 545.060. The trial court did not err in concluding that the officer did not have a reasonable suspicion that section 545.060 was being violated.

6

A week after the hearing and the court's oral ruling granting the motion to suppress, the State filed a motion for rehearing urging two justifications for Huddleston's detention that it had not presented at the hearing: (1) Officer Donahoo had a reasonable suspicion that Huddleston was driving while intoxicated, and (2) the officer had properly exercised his community caretaking function. The court's docket sheet reflects that the motion was "granted," but from statements made in the State's brief we understand this to mean only that the court agreed to set the motion for a hearing. We are also advised by the State that the hearing was never held. The court later made an additional docket entry stating that its previous ruling granting the motion to suppress "stands." The State now urges this Court to reverse the trial court's order granting Huddleston's motion to suppress for either or both of the reasons asserted in its motion for rehearing.

An appellate court may affirm a trial court's decision on a legal theory not presented to the trial court because the ordinary notions of procedural default do not require a prevailing party to list or verbalize in the trial court every possible basis for upholding its decision. *Bailey v. State*, 87 S.W.3d 118, 121-22 (Tex. Crim. App. 2002) (citing *State v. Mercado*, 972 S.W.2d 75, 77-78 (Tex. Crim. App. 1998). But an appellate court may not reverse a trial court's decision on a legal theory not presented to the trial court by the complaining party because the ordinary notions of procedural default do not permit a trial court's decision to be reversed on a theory the trial court did not have an opportunity to rule upon and upon which the non-appealing party did not have an opportunity to develop a complete factual record. *Id*. at 122. The ordinary notions of procedural default apply equally to the defendant and the State. *Mercado*, 972 S.W.2d at 78. The basic appellate principle that points not argued at trial are deemed waived applies to the State when it is the appellant. *Id*.

7

It was the State's burden to prove that Huddleston's warrantless detention was lawful. *See Amores v. State*, 816 S.W.2d 407, 413 (Tex. Crim. App. 1991). At the hearing held for that purpose, the State sought to justify the stop solely on the basis of the alleged traffic offense. Only after the hearing was over and the trial court had ruled against it did the State attempt to bring alternative theories to the trial court's attention in its motion for rehearing. While the court agreed to schedule a hearing on the motion, the hearing was not held. Neither the docket notation that the original ruling "stands" nor the later signing of the written order granting the motion to suppress necessarily means that the trial court considered and rejected the arguments made in the State's motion.[3] On this record, the State is procedurally defaulted from asserting that the trial court's ruling should be reversed on these additional grounds.

### *Not guilty finding*

In its last point of error, the State complains that the trial court's insertion of a "not guilty" finding within the order granting Huddleston's motion to suppress exceeded the court's authority. We agree, and we will strike the finding from the suppression order.

The trial court lacked the authority to make fact-findings to determine the guilt of the defendant based only on the granting of a motion to suppress. *See State ex rel. Curry v. Carr*, 847 S.W.2d 561, 562 (Tex. Crim. App. 1992); *see also State v. Nolan*, 808 S.W.2d 556, 560 (Tex. App.—Austin 1991, no pet.); *State v. Lewallen*, 927 S.W.2d 738, 739 (Tex. App.—Fort Worth 1996, no pet.). "While the county court's orders suppressing evidence may have the practical effect of

---

[3] The written order does not refer to the State's motion for rehearing or to the arguments made in the motion.

making convictions in these causes impossible, it is for the prosecutor, as the officer charged with the responsibility for preparing and prosecuting criminal suits, to decide whether a prosecution is sustainable." *Nolan*, 808 S.W.2d at 560. Furthermore, the trial court's finding of not guilty was not made during an adversary proceeding, and thus none of the events that occurred on the day the trial court attached such a finding to the suppression order constitutes an "acquittal" in compliance with Texas law. *Lewallen*, 927 S.W.2d at 739.

## *Conclusion*

We overrule the State's arguments that the trial court erred in granting Huddleston's motion to suppress. We agree, however, that the trial court had no authority to enter a finding of "not guilty" in the suppression order. Accordingly, we modify the suppression order and strike the finding of "not guilty." We affirm the trial court's order as modified.

_____

Bea Ann Smith, Justice

Before Justices B. A. Smith, Puryear and Pemberton

Modified and, as Modified, Affirmed.

Filed:  May 5, 2005

Publish

9