# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00490-CR

**The State of Texas, Appellant**

**v.**

**Cody Matthew Davis, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 2 OF HAYS COUNTY
### NO. 80655, HONORABLE LINDA RODRIGUEZ, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The State appeals the order granting appellee Cody Matthew Davis's motion to suppress evidence in this prosecution for driving while intoxicated. *See* Tex. Code Crim. Proc. Ann. art. 44.01(a)(5) (West 2006). The trial court concluded that the traffic stop that resulted in Davis's arrest was not supported by reasonable suspicion. We will affirm the court's order.

A warrantless automobile stop is a Fourth Amendment seizure analogous to a temporary detention, and it must be justified by reasonable suspicion. *Berkemer v. McCarty*, 468 U.S. 420, 439 (1984); *Hernandez v. State*, 983 S.W.2d 867, 869 (Tex. App.—Austin 1998, pet. ref'd). A detaining officer must have specific articulable facts that, taken together with rational inferences from those facts, lead him to conclude that the person detained is, has been, or soon will be engaged in criminal activity. *Woods v. State*, 956 S.W.2d 33, 35 (Tex. Crim. App. 1997);

*Hernandez*, 983 S.W.2d at 869.  It is the State's burden to prove that a warrantless detention was lawful.  *State v. Huddleston*, 164 S.W.3d 711, 716 (Tex. App.—Austin 2005, no pet.).

The relevant events occurred on January 14, 2006, at 12:30 a.m.  The only witness to testify was San Marcos Police Officer David Campbell.  The officer's probable cause affidavit prepared shortly after the arrest was admitted into evidence.

Campbell testified that he was fueling his patrol vehicle at a convenience store at the intersection of Aquarena Springs Drive and the Interstate 35 access road when he heard a vehicle "chirping" its tires.  His attention was drawn to a pickup truck stopped at the intersection. When the traffic light turned green, the truck "squeal[ed] its tires all the way across the intersection" and continued northbound on the access road.  Campbell pursued the truck and stopped it.  His subsequent observations caused him to arrest Davis, the truck's driver, for driving while intoxicated.

Campbell acknowledged that no statute or ordinance prohibits the "chirping" or "squealing" of a vehicle's tires.  He explained, however, that when he wrote in his probable cause affidavit that Davis's truck had "squeal[ed]" its tires through the intersection, he meant that a tire had broken traction and was spinning.  This spinning caused the tire to "chirp" or "squeal."  Campbell acknowledged that there can be many reasons for a vehicle's tires to squeal, but he testified that he saw at least one of appellant's tires spin.  It is undisputed that a San Marcos ordinance prohibits the operation of a motor vehicle in a manner that causes a wheel to spin or slide without normal traction.  Campbell testified that this was the only offense he observed before stopping Davis's pickup truck.

The trial court made written findings of fact, including:

3. Officer Campbell testified that while he was gassing up his vehicle at a Sac N Pac convenience store during the evening of January 14, 2006, he "heard" the Defendant "chirp" his tires.

4. The Defendant was stopped at a traffic light on the access road at the intersection of Aquarena Springs Drive and Interstate Highway 35, west of the officer's location at the convenience store.

5. Officer Campbell testified he "saw" the Defendant's tires spin, sliding across the road without normal traction.

6. Officer Campbell testified that he used the words "squeal" and "chirp" in his offense report and not "spinning."

7. Officer Campbell testified that there are numerous causes for tires squealing, such as low tire pressure, hot or cold roads, the type of tires in use, surface conditions, turning corners, and that tires could squeal when going four miles per hour in a parking garage.

. . . .

10. Officer Campbell testified he observed no other traffic violations, and there was no evidence the Defendant was racing or engaging in a test of speed.

11. The Court took into consideration the location, the distance between the officer's vehicle and the intersection where the Defendant was stopped at the traffic light, which includes a portion of the convenience store's large parking lot, a ditch with foliage, along with the light conditions existing at night, all of which contributed to the officer's ability or lack thereof to actually see the truck and the motion of its tires.

The court concluded that "[t]he words 'squealing' and 'chirping' are not found in the applicable ordinance" and that Campbell's testimony was insufficient to establish reasonable suspicion to stop Davis's truck.

3

When reviewing a trial court's ruling on a motion to suppress, we give almost total deference to the court's determination of the historical facts that the record supports, especially when those fact findings are based on an evaluation of the witnesses' credibility and demeanor. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). The same level of deference is accorded the trial court's rulings on mixed questions of law and fact if those decisions turn on the credibility and demeanor of the witnesses. *Id*. We review de novo mixed questions of law and fact that do not turn on witness credibility. *Id*.

The State argues that the trial court's findings of fact "do not incorporate Officer Campbell's explanation of what he meant by 'squeal and chirp.'" Pointing to Campbell's testimony that he used these terms to mean that a tire was spinning, the State urges that "[t]he logical conclusion of the findings, inserting the officer's explanation of the terms during direct examination and cross examination, is that the officer both heard and saw the tires spinning on the road with a loss of traction." The State contends that the trial court's findings should be read to reflect a finding that "the officer saw and heard the tires spinning across the road with a loss of traction." With this additional implied finding, the State argues that Campbell had reasonable grounds for stopping Davis's pickup truck.

Reading the findings of fact as a whole, it is clear that the trial court did not credit Campbell's testimony that he saw Davis's tires spinning through the intersection because (1) the officer did not include this information in his probable cause affidavit, (2) there are several explanations for the "chirping" or "squealing" other than loss of traction, and (3) the officer was not in a position to see the tires spin at the time and place in question. We would not be affording the

4

trial court's fact findings the deference they are due if we were to read into them an additional finding—that Campbell saw Davis's tires spinning—that the court declined to make. It would be particularly inappropriate for this Court to imply an additional finding that would result in a reversal of the trial court's ruling. *See State v. Ross*, 32 S.W.3d 853, 857 (Tex. Crim. App. 2000) (appellate court should not presume error). Whether Campbell reasonably suspected Davis of violating the city ordinance was a mixed question of law and fact that, on this record, turned on the trial court's evaluation of the witness's credibility. Under *Guzman*, we must defer to the court's conclusion that reasonable suspicion was not shown.

The order granting the motion to suppress evidence is affirmed.

_____

G. Alan Waldrop, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed:   April 6, 2007

Do Not Publish

5