# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00385-CR

**Adam C. Boggs, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 2 OF HAYS COUNTY
### NO. 74,125, HONORABLE HOWARD S. WARNER II, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Adam C. Boggs was adjudged guilty after he pleaded no contest to an information accusing him of driving while intoxicated. *See* Tex. Penal Code Ann. § 49.04 (West 2003). Pursuant to a plea bargain, the court sentenced appellant to six months in jail and a $750 fine, suspended imposition of sentence, and placed appellant on community supervision for two years. In his only point of error, appellant contends that the court erred by overruling his pretrial motion to suppress evidence.[1] We will sustain the point and reverse the judgment of conviction.

Appellant's motion to suppress challenged the validity of the traffic stop that ultimately led to his DWI arrest. A warrantless automobile stop is a Fourth Amendment seizure analogous to a temporary detention, and it must be justified by reasonable suspicion.

---

[1] The State did not file a brief responding to this contention.

*Berkemer v. McCarty*, 468 U.S. 420, 439 (1984); *Hernandez v. State*, 983 S.W.2d 867, 869 (Tex. App.—Austin 1998, pet. ref'd). A detaining officer must have specific articulable facts that, taken together with rational inferences from those facts, lead him to conclude that the person detained is, has been, or soon will be engaged in criminal activity. *Woods v. State*, 956 S.W.2d 33, 35 (Tex. Crim. App. 1997); *Hernandez*, 983 S.W.2d at 869. It is the State's burden to prove that a warrantless detention was lawful. *State v. Huddleston*, 164 S.W.3d 711, 716 (Tex. App.—Austin 2005, no pet.).

The circumstances leading to appellant's stop were not well developed at the hearing on appellant's motion to suppress. The only witness was Kyle Police Officer Anastacio Cruz.[2] Cruz testified that he was patrolling Interstate 35 on the night of May 2, 2004, traveling north at 55 miles per hour in the outside, or far right, lane of the highway. The highway at that point had three northbound lanes and the speed limit was 65 miles per hour. Cruz noticed another vehicle following him about one hundred feet behind in the same lane and maintaining the same speed. Cruz said that as he "approached the Department of Public Safety Trooper's car I did move into the middle lane." In his mirror, Cruz noticed that the vehicle behind him neither slowed nor changed lanes as it "passed the other officer's car." Cruz testified, "When I vacated that lane I specifically looked at that vehicle to see if it was going to slow or vacate the lane and it did neither." Cruz testified that he then

---

[2] Although the State had the burden to prove that appellant's detention was lawful, defense counsel was permitted to conduct the direct examination of the officer. *See Russell v. State*, 717 S.W.2d 7, 9-10 (Tex. Crim. App. 1986) (discussing burden of proof at suppression hearing). Needless to say, appellant's counsel did not seek to adduce facts tending to uphold the stop. The prosecutor's cross-examination of the officer only briefly touched on the traffic stop, and he did not elicit any other material testimony.

stopped the driver of the vehicle that had been behind him, who was appellant, for violating transportation code section 545.157, which provides that when "approaching a stationary authorized emergency vehicle using visual [emergency] signals," an operator must (1) vacate the lane closest to the emergency vehicle when driving on a highway with two or more lanes traveling in the direction of the emergency vehicle or (2) slow to a speed not to exceed 20 miles per hour less than the posted speed limit. Tex. Transp. Code Ann. § 545.157 (West Supp. 2006); *see also id.* § 541.201(1) (defining "authorized emergency vehicle"). Following the stop, Cruz made the observations that resulted in appellant's arrest for driving while intoxicated.

The question presented is whether this testimony shows that Cruz reasonably suspected appellant of violating section 545.157. In assessing whether a detention is reasonable, an objective standard is utilized: would the facts available to the officer at the moment of the seizure warrant a person of reasonable caution in the belief that the action taken was appropriate. *Hernandez*, 983 S.W.2d at 869 (quoting *Davis v. State*, 947 S.W.2d 240, 243 (Tex. Crim. App. 1997)). Because Cruz's testimony is uncontradicted and there is no question regarding his credibility, we make a de novo determination whether the facts adduced at the hearing give rise to a reasonable suspicion that section 545.157 was violated. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997); *Hernandez*, 983 S.W.2d at 869.

Cruz testified that he and appellant were driving in the outside lane of the highway and that appellant neither moved to the center lane nor slowed as he approached and passed the DPS trooper's patrol car. This gave Cruz a reasonable basis for suspecting that appellant had violated section 545.157 only if the DPS vehicle was (1) stopped, (2) on the right side of the highway,

3

(3) with its emergency lights operating. Cruz did not testify to any of these facts.[3] Even with appellant's concession that the DPS trooper's emergency lights were operating, the State did not meet its burden of proving that the detention was objectively reasonable. It was the State's burden to show that Cruz's belief that section 545.157 had been violated was based on specific, articulable facts. Given Cruz's failure to testify that the DPS trooper was stopped on the right side of the highway, that burden was not met.

The judgment of conviction is reversed and the cause is remanded for further proceedings consistent with this opinion.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Puryear and Henson

Reversed and Remanded

Filed: May 23, 2007

Do Not Publish

---

[3] Appellant's counsel, however, questioned the officer regarding appellant's actions as "he was approaching that officer with his lights on." Appellant does not assert that the State failed to satisfy its burden of proof in this regard.