# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00692-CR

**Harvey Chynoweth, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 1 OF HAYS COUNTY
### NO. 82824, HONORABLE HOWARD WARNER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Harvey Chynoweth pleaded no contest to driving while intoxicated, second offense. *See* Tex. Penal Code Ann. § 49.04(a) (West 2003), § 49.09(a) (West Supp. 2007). The trial court adjudged him guilty and assessed punishment at one year in jail and a $700 fine. As called for in a plea bargain, the court suspended imposition of sentence and placed appellant on community supervision for two years. In his only point of error, appellant contends that the trial court erred by overruling his pretrial motion to suppress evidence. We overrule this contention and affirm the conviction.

The only witness at the suppression hearing was San Marcos Police Officer Paul Beller. Beller testified that at 3:21 a.m. on July 15, 2006, he was parked at a gas station at the intersection of Interstate 35 and Wonder World Drive when he received a dispatch reporting a

possible intoxicated driver traveling north on the interstate and exiting at Wonder World.  Beller

spotted a car matching the description he had been given approach the intersection.  Beller testified:

> That vehicle failed to stop at the designated point at the intersection, passing the stop
> sign, entering into the opposing lane of traffic which then drew my attention to it.
> I then followed said vehicle northbound on the east access road, observed it failing
> to maintain single lanes of traffic, then initiated a traffic stop near the east access at
> 123.

Beller testified that the vehicle did not immediately respond to his signal to stop.  Instead, it "turned

northbound onto 123 crossing the broken turn lane line, which failed to maintain a lane of traffic,

proceeded northbound on 123 which turns into Guadalupe . . . ."  The vehicle eventually stopped

after Beller activated his siren two times.  Appellant was the driver of the vehicle.  Based on his

observations of appellant following the stop, Beller arrested him for driving while intoxicated.

During cross-examination, Beller was asked, "[W]hat violations of law did you

observe?"  He answered, "Failed to maintain a single lane of traffic or failed to drive in a single

lane."  Asked if he observed any other violations, Beller replied, "Other than putting a blinker on

within a required distance when turning left."  Based on these responses, appellant argues that Beller

did not have reasonable suspicion to stop him.  Beller testified that there were no other vehicles in

the area, and appellant argues that his one failure to maintain a single lane did not give the officer

reasonable suspicion to believe that he had observed a lane violation.  *See* Tex. Transp. Code Ann.

§ 545.060 (West 1999); *State v. Huddleston*, 164 S.W.3d 711, 716 (Tex. App.—Austin 2005,

no pet.); *Aviles v. State*, 23 S.W.3d 74, 77 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd).

Appellant argues that Beller's testimony that he did not see appellant use a "blinker" does not

exclude the possibility that appellant signaled his turn by hand.  *See* Tex. Transp. Code Ann. § 545.106 (West 1999).

We review a trial court's ruling on a motion to suppress evidence for an abuse of discretion. *Villareal v. State*, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996).  In this review, we defer to the district court's factual determinations but review de novo the court's application of the law to the facts. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  We will sustain the trial court's ruling admitting evidence if the ruling is reasonably supported by the record and correct on any theory of law applicable to the case. *Willover v. State*, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002).  Because the court below did not make explicit findings of fact, we review the evidence in the light most favorable to the court's ruling and assume the court made findings that are supported by the record and buttress its conclusion. *Carmouche v. State*, 10 S.W.3d 323, 327-28 (Tex. Crim. App. 2000).

Beller's testimony that appellant "failed to stop at the designated point at the intersection, passing the stop sign" was sufficient to warrant a finding that the officer had reasonable suspicion to believe that appellant failed to comply with the stop sign at the intersection. *See* Tex. Transp. Code Ann. § 544.010 (West 1999).  Although Beller did not mention appellant running the stop sign when he was later asked by defense counsel to identify the violations he had observed, we must assume that the trial court found Beller's earlier testimony to be true. Accordingly, we hold that reasonable suspicion was shown, and that the trial court did not err by overruling the motion to suppress.

The judgment of conviction is affirmed.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Waldrop and Henson

Affirmed

Filed:   August 13, 2008

Do Not Publish