Opinion issued February 5, 2009














In The
Court of Appeals
For The
First District of Texas




NOS. 01-07-00428-CR
           01-07-00429-CR




MARCO MEDRANO, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from County Criminal Court at Law No. 8
Harris County, Texas
Trial Court Cause Nos. 1420277 and 1420278




MEMORANDUM OPINION
          In trial-court case number 1420277 (appellate case number 01-07-00428-CR),
appellant, Marco Medrano, was convicted by a jury of the enhanced offense of
operating a motor vehicle in a public place while intoxicated, with a previous one-time conviction for operating a motor vehicle while intoxicated. See Tex. Penal
Code Ann. §§ 49.04, .09(a), (h) (Vernon 2003 & Supp. 2008). The trial court
assessed punishment at 1 year in jail and a $300 fine. The trial court suspended
appellant’s sentence and placed him on community supervision for one year,
including 5 days confinement in jail. See Tex. Code Crim. Proc. Ann. art. 42.12,
§ 13(a)(1) (Vernon Supp. 2008) (minimum term of community supervision of not less
than 5 days confinement in jail if defendant punished under Penal Code section
49.09(a) and subject to Penal Code section 49.09(h)).
          In trial-court case number 1420278 (appellate case number 01-07-00429-CR),
appellant, Marco Medrano, was convicted by a jury of operating a motor vehicle on
a highway during a period that his driver’s license was suspended. See Tex. Transp.
Code Ann. § 521.457(a)(2) (Vernon Supp. 2008). The trial court assessed
punishment at 3 days in jail and a $100 fine.



Facts
          Around 2:45 a.m. on December 4, 2006, Houston Police Department Officer
John Garcia noticed that appellant was driving on South Shepherd with his blinker
on for an extended period of time and that appellant’s vehicle was weaving in and out
of the lane by about a “quarter of his vehicle.” Appellant turned into a parking lot,
spoke with the driver of another vehicle, and drove back onto South Shepherd. 
Garcia stated that appellant was not weaving into oncoming traffic and that the
weaving was not unsafe as it was not endangering other people. Garcia also testified
that appellant was driving in an area that has a high volume of intoxicated drivers.
          Based on his experience and observations, Garcia pulled over appellant to
conduct a temporary investigative detention. After Garcia observed that appellant
appeared intoxicated, Garcia asked Officer Jimmy Vera, who was working nearby,
to assist. Vera conducted field sobriety tests and ultimately arrested appellant. 
Before taking appellant to the police station, Vera had the police dispatcher check
appellant’s driver’s license and was told that appellant’s license was suspended.
DWI Conviction
          In trial-court case number 1420277 (appellate case number 01-07-00428-CR),
appellant brings a single point of error in which he contends the trial court erred in
denying his motion to suppress the evidence resulting from what he claims was an
unlawful detention. Appellant argues that he committed no traffic offense, and
therefore Officer Garcia had no valid reason to pull him over and detain him.
          Appellant analyzes this appeal presuming that the detention was warranted only
if Officer Garcia observed a traffic violation. Appellant argues that the only possible
traffic violation was failure to “drive as nearly as practical entirely within a single
lane.” See Tex. Transp. Code Ann. § 545.060(a) (Vernon 1999). He further cites
cases in which a temporary detention was not warranted based solely on crossing into
another lane. See State v. Huddleston, 164 S.W.3d 711, 714 (Tex. App.—Austin
2005, no pet.) (DWI; officer based stop solely on crossing into another lane); Eichler
v. State, 117 S.W.3d 897, 901 (Tex. App.—Houston [14th Dist.] 2003, no pet.)
(possession of controlled substance; officer based stop solely on crossing into another
lane); Bass v. State, 64 S.W.3d 646, 648–51 (Tex. App.—Texarkana 2001, pet. ref’d)
(possession of controlled substance; officer based stop solely on swerving within
lane); State v. Cerny, 28 S.W.3d 796, 801 (Tex. App.—Corpus Christi 2000, no pet.)
(DWI; officer based stop solely on swerving within lane); Hernandez v. State, 983
S.W.2d 867, 868, 870 (Tex. App.—Austin 1998, pet. ref’d) (DWI; officer based stop
solely on crossing into another lane because he was concerned about defendant’s
“well-being” and did not testify that he suspected defendant was intoxicated); State
v. Tarvin, 972 S.W.2d 910, 910–12 (Tex. App.—Waco 1998, pet. ref’d) (DWI; officer
based stop solely on crossing into another lane).
          At the hearing on appellant’s motion to suppress, the trial court made the
following ruling:
THE COURT: The Motion to Suppress is denied. The Court
makes the following findings of fact and conclusions of law: That the
officer observed the defendant’s vehicle weaving in and out of his lane
on two separate occasions, and also observed the vehicle with his
indicator light on for an extended period of time and not making the turn
that was indicated by the indication light.
And that this is an area in the City that is known for having, you
know, intoxicated drivers drive at that time of the night, at 2:45 or 2:30
in the morning. And the law, under Terry versus Ohio and Davis versus
State, is that, The officer may stop and briefly detain a person for
investigative purposes if the officer has a reasonable suspicion,
supported by articulable facts, that criminal activity may be afoot even
if the officer lacks evidence rising to the level of probable cause.
And based on the facts that were testified to by this officer, the
Court finds that those - - that he had reasonable suspicions, supported
by articulable facts that criminal activity may be afoot and the stop was
reasonable. That’s the Court’s finding.
On appeal, we must give great deference to the trial court’s findings of facts. Guzman
v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). Mixed questions of law and fact
that do not turn on an evaluation of a witness’s credibility and demeanor are reviewed
de novo. Id. Because the issue in this appeal does not involve a disagreement about
the facts or the credibility of a witness, but rather whether the officer had reasonable
suspicion to stop appellant, we review the issue de novo.
          When a police officer stops a defendant without a warrant and without the
defendant’s consent, the State has the burden at a suppression hearing of proving the
reasonableness of the stop. Russell v. State, 717 S.W.2d 7, 9–10 (Tex. Crim. App.
1986). A police officer can stop and briefly detain a person for investigative purposes
if the officer has a reasonable suspicion supported by articulable facts that criminal
activity may be afoot, even if the officer lacks evidence rising to the level of probable
cause. Terry v. Ohio, 392 U.S. 1, 29, 88 S. Ct. 1868 (1968); Woods v. State, 956
S.W.2d 33, 35 (Tex. Crim. App. 1997); Francis v. State, 896 S.W.2d 406, 409 (Tex.
App.—Houston [1st Dist.] 1995), pet. dism’d, 922 S.W.2d 176, 177 (Tex. Crim. App.
1996). The reasonableness of a temporary detention must be examined in terms of
the totality of the circumstances and will be justified when the detaining officer has
specific articulable facts which, taken together with rational inferences from those
facts, lead the officer to conclude that the person detained actually is, has been, or
soon will be engaged in criminal activity. Woods, 956 S.W.2d at 38.
          The trial court based its denial of the motion to suppress on the following
circumstances: (1) appellant weaved in and out of his lane; (2) appellant’s turn-signal
indicator light was on for an extended period of time and he did not turn; and
(3) appellant was driving in an area and at a time when the police know there are an
increased number of intoxicated drivers. Based on these specific articulable facts, we
conclude that Officer Garcia was justified in temporarily detaining appellant based
on a reasonable suspicion of intoxication. See Cook v. State, 63 S.W.3d 924, 928–29
(Tex. App.—Houston [14th Dist.] 2002, pet. ref’d) (distinguishing facts of Cerny,
28 S.W.3d 796, Hernandez, 983 S.W.2d 867, and Tarvin, 972 S.W.2d 910).
          We overrule appellant’s sole point of error.
 
 
Driving-Suspended-License Conviction
          In trial-court case number 1420278 (appellate case number 01-07-00429-CR),
appellant brings two points of error in which he contends (1) the trial court erred
admitting his driving record from the Texas Department of Public Safety because the
record is hearsay and (2) there is legally and factually insufficient evidence to
demonstrate that appellant knew that his driver’s license had been suspended.
          Contrary to appellant’s argument, this Court has held that a DPS driver’s
license record is a public record under Texas Rule of Evidence 803(8), which is an
exception to the hearsay rule, Texas Rule of Evidence 802. See Tanner v. State, 875
S.W.2d 8, 9–10 (Tex. App.—Houston [1st Dist.] 1994, pet. ref’d). Tanner rejected
the same argument appellant makes in this appeal, that Rule 803(8)’s exception for
“matters observed by police officers and other law enforcement personnel” applies
to DPS driver’s license records. Appellant neither discusses Tanner nor cites to any
Texas authority that distinguishes or limits Tanner.



          We overrule point of error one.
          In point of error two, appellant contends the evidence is legally and factually
insufficient to demonstrate appellant knew his driver’s license had been suspended. 
Appellant cites no case-law or statutory authority for this proposition, other than
Transportation Code section 521.457. Neither appellant nor the State, however, cite
to section 521.457(c) and (d):
(c) It is not a defense to prosecution under this section that the
person did not receive actual notice of a suspension imposed as a result
of a conviction for an offense under Section 521.341.
(d) Except as provided by Subsection (c), it is an affirmative
defense to prosecution of an offense, other than an offense under Section
521.341, that the person did not receive actual notice of a cancellation,
suspension, revocation, or prohibition order relating to the person's
license. For purposes of this section, actual notice is presumed if the
notice was mailed in accordance with law.
Tex. Transp. Code Ann. § 521.457(c), (d) (Vernon Supp. 2008). At best, it was
appellant’s burden to prove he did not receive actual notice of the suspension of his
driver’s license, to request an issue in the charge, and to prove this affirmative
defense by a preponderance of the evidence. See Tex. Penal Code Ann. § 2.04
(Vernon 2003).
          We overrule point of error two.
 
 
 
Conclusion
          We affirm the judgments in both trial-court case number 1420277 (appellate
case number 01-07-00428-CR) and trial-court case number 1420278 (appellate case
number 01-07-00429-CR).
 
 
 

                                                             Jim Sharp
                                                             Justice

Panel consists of Justices Taft, Bland, and Sharp.