

NUMBER 13-09-00200-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**THE STATE OF TEXAS,**                                                   **Appellant,**

**v.**

**EVA EUSEBIA CAMPOS,**                                                   **Appellee.**

### On appeal from the 156th District Court of Bee County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides
Memorandum Opinion by Chief Justice Valdez**

The State appeals a trial court's order granting a motion to suppress that was filed by appellee, Eva Eusebia Campos. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(5) (Vernon Supp. 2008) (providing that the State is entitled to appeal an order granting a motion to suppress evidence). In a single issue, the State contends that the trial court erred in granting Eva's motion because the trial court "failed to recognize two valid exceptions to the warrant requirement of the Fourth Amendment." We affirm.

## I. BACKGROUND

On January 22, 2009, Eva was indicted for possession of more than four, but less than two hundred, grams of cocaine, which police discovered with the help of a canine during a traffic stop. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(d) (Vernon 2003). Eva filed a written motion to suppress all evidence seized by law enforcement officers during an arrest on November 14, 2008. Eva alleged that the evidence was seized from her vehicle without a warrant, consent, or probable cause, and that use of the evidence violated her federal and state constitutional rights. *See generally*, U.S. CONST. amend. IV, V, XIV. The State did not respond in writing to Eva's motion.

Robert Meakins, who was a patrol officer and canine handler with the Bee County Sheriff's Department at the time of the traffic stop, was the sole witness at the suppression hearing. On direct examination by the State, Meakins testified that he observed an unrestrained child in the back of a van, and he stopped the van because driving with an unrestrained child is a transportation code violation. *See* TEX. TRANSP. CODE ANN. §§ 545.412, 545.413 (Vernon Supp. 2008).[1] Meakins approached the driver, Manuel Campos, and asked for his driver's license. Manuel told Meakins that he did not have a driver's license. Meakins then asked for consent to search the van. According to Meakins's testimony, Manuel agreed, but he told Meakins that Eva owned the van and she would have to consent. Eva denied consent to search the van. Meakins immediately retrieved his canine partner, who searched the perimeter of the van and alerted to the possible presence of drugs. The K-9 then searched the inside of the van and found three bundles of cocaine hidden inside an empty fountain drink cup. Meakins also searched Manuel and Eva because "we had received information that [Eva is] known to carry [drugs]

---

[1] We note that neither Meakins nor the State supplied the trial court with a citation to the specific section of the transportation code that was allegedly violated.

2

on her person and in the clothing of the children or in the car seats."

On cross-examination by Eva's defense counsel, Meakins testified that Eva was "pretty well-known," and that he knew the van belonged to Eva. Meakins was then asked:

Defense Counsel: So really what you were doing was following the vehicle waiting for them to make some kind of traffic error, wasn't it?

Meakins: Yes.

Defense Counsel: It's a pretext stop. Not saying there is anything wrong with it.

Meakins: The stop was made on a traffic violation, yes.

Defense Counsel: I understand you waited until you got a traffic violation, but you were following her in hopes there would be a traffic violation.

Meakins: That's correct.

Upon further cross examination, Meakins testified that, after Manuel could not produce a driver's license, he detained the van for possible possession of narcotics because Manuel appeared nervous.

After hearing Meakins's testimony, Eva's counsel argued that there was no probable cause to further detain and "sniff search" the van. The State did not present any arguments to the trial court. The trial court took the matter under advisement and requested briefing. Neither side provided the requested briefing. The trial court then granted Eva's motion to suppress and issued the following findings of fact:

The Officer had sufficient reason to stop the van as he observed a traffic violation (unrestrained child passenger). The Officer received information about ownership of the van and the Defendant's husband[']s lack of a driver's license thereby authorizing ticketing Defendant for violating the Texas traffic code for allowing an un-licensed driver [to] operate her vehicle.

The Officer did not have probable cause to search the van prior to the K-9 sweep. The Officer did not have the Defendant's consent to search the

3

vehicle. The Officer did not possess sufficient articulable fact[s] to justify a continued detention of the Defendant's vehicle after he concluded his traffic investigation. The Officer interrupted the traffic stop to perform a K-9 sweep. The Defendant was detained at the scene while the K-9 was brought out and swept the Defendant's van. The Officer never indicated he intended to arrest the Defendant or her husband for the traffic offenses he noted.

There was little or no delay between the time the Officer had concluded his traffic investigation and began the "real" reason for the stop, a drug search. Even a minimal detention or seizure which is not supported with sufficient facts to justify it is unreasonable.

This appeal ensued.

## II. Discussion

In its sole issue, the State contends that the trial court erred in granting Eva's motion because the trial court "failed to recognize two valid exceptions to the warrant requirement of the Fourth Amendment." When the defendant shows that a search or seizure occurred without a warrant, as in this case, the burden shifts to the State to prove the reasonableness of the warrantless search or seizure. *Torres v. State*, 182 S.W.3d 899, 902 (Tex. Crim. App. 2005).

A review of the procedural history of this case reveals that the State fell woefully short of articulating a ground for reasonableness of the continued detention, much less the "two valid exceptions" to the search-warrant requirement that are urged on appeal. Not only did the State fail to file a written response to Eva's motion, but, at the suppression hearing, it did not present any ground to deny Eva's motion. Additionally, the State did not file the supplemental briefing that the trial court requested. The court of criminal appeals has held that ordinary notions of procedural default apply equally to the defendant and the State, and that the basic appellate principle that points not argued at trial are deemed waived applies to the State when it is the appellant. *State v. Mercado*, 972 S.W.2d 75, 77-78 (Tex. Crim. App.1998).

4

The State's presentation of a "new" issue on appeal is procedurally similar to *State v. Huddleston*, 164 S.W.3d 711, 713 (Tex. App.–Austin 2005, no pet.). In *Huddleston*, the State appealed a trial court's suppression of evidence of drunk driving on the basis that the initial traffic stop was invalid. *Id*. After the trial court granted the defendant's motion to suppress, the State filed a motion for rehearing urging alternative theories to justify the traffic stop, but no hearing on the State's motion was held. *Id*. at 716. The trial court later made a docket sheet entry stating that its previous ruling granting the motion to suppress "stands." *Id*. On appeal, the State reurged its "alternative theories." *Id*. The Austin Court of Appeals held that the alternative theories were waived under the doctrine of procedural default. *Id*.

Accordingly, under the rules of procedural default established by *Mercado* and elaborated by *Huddleston*, we hold that the State waived its sole issue by failing to present it—or anything—to the trial court. *See Mercado*, 972 S.W.2d at 77-78; *Huddleston*, 164 S.W.3d at 716.

## III. CONCLUSION

The trial court's suppression order is affirmed.

_____
ROGELIO VALDEZ
Chief Justice

Do Not Publish. TEX. R. APP. P. 47.2(b)
Memorandum Opinion delivered and filed
this the 27th day of August, 2009.