NUMBER 13-09-00200-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 

 

THE STATE OF TEXAS, Appellant,


v.


EVA EUSEBIA CAMPOS, Appellee.

 


On appeal from the 156th District Court of

Bee County, Texas.

 

MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Yañez and Benavides


Memorandum Opinion by Chief Justice Valdez
 The State appeals a trial court's order granting a motion to suppress that was filed
by appellee, Eva Eusebia Campos. See Tex. Code Crim. Proc. Ann. art. 44.01(a)(5)
(Vernon Supp. 2008) (providing that the State is entitled to appeal an order granting a
motion to suppress evidence). In a single issue, the State contends that the trial court
erred in granting Eva's motion because the trial court "failed to recognize two valid
exceptions to the warrant requirement of the Fourth Amendment." We affirm.

I. Background

 On January 22, 2009, Eva was indicted for possession of more than four, but less
than two hundred, grams of cocaine, which police discovered with the help of a canine
during a traffic stop. See Tex. Health & Safety Code Ann. § 481.115(d) (Vernon 2003). 
Eva filed a written motion to suppress all evidence seized by law enforcement officers
during an arrest on November 14, 2008. Eva alleged that the evidence was seized from
her vehicle without a warrant, consent, or probable cause, and that use of the evidence
violated her federal and state constitutional rights. See generally, U.S. Const. amend. IV,
V, XIV. The State did not respond in writing to Eva's motion.

 Robert Meakins, who was a patrol officer and canine handler with the Bee County
Sheriff's Department at the time of the traffic stop, was the sole witness at the suppression
hearing. On direct examination by the State, Meakins testified that he observed an
unrestrained child in the back of a van, and he stopped the van because driving with an
unrestrained child is a transportation code violation. See Tex. Transp. Code Ann. §§
545.412, 545.413 (Vernon Supp. 2008). (1) Meakins approached the driver, Manuel
Campos, and asked for his driver's license. Manuel told Meakins that he did not have a
driver's license. Meakins then asked for consent to search the van. According to
Meakins's testimony, Manuel agreed, but he told Meakins that Eva owned the van and she
would have to consent. Eva denied consent to search the van. Meakins immediately
retrieved his canine partner, who searched the perimeter of the van and alerted to the
possible presence of drugs. The K-9 then searched the inside of the van and found three
bundles of cocaine hidden inside an empty fountain drink cup. Meakins also searched
Manuel and Eva because "we had received information that [Eva is] known to carry [drugs]
on her person and in the clothing of the children or in the car seats."

 On cross-examination by Eva's defense counsel, Meakins testified that Eva was
"pretty well-known," and that he knew the van belonged to Eva. Meakins was then asked:

Defense Counsel: So really what you were doing was following the vehicle
waiting for them to make some kind of traffic error,
wasn't it?


Meakins: Yes.


Defense Counsel: It's a pretext stop. Not saying there is anything wrong
with it.


Meakins: The stop was made on a traffic violation, yes.


Defense Counsel: I understand you waited until you got a traffic violation,
but you were following her in hopes there would be a
traffic violation.


Meakins: That's correct.


Upon further cross examination, Meakins testified that, after Manuel could not produce a
driver's license, he detained the van for possible possession of narcotics because Manuel
appeared nervous.

 After hearing Meakins's testimony, Eva's counsel argued that there was no probable
cause to further detain and "sniff search" the van. The State did not present any
arguments to the trial court. The trial court took the matter under advisement and
requested briefing. Neither side provided the requested briefing. The trial court then
granted Eva's motion to suppress and issued the following findings of fact:

 The Officer had sufficient reason to stop the van as he observed a
traffic violation (unrestrained child passenger). The Officer received
information about ownership of the van and the Defendant's husband[']s lack
of a driver's license thereby authorizing ticketing Defendant for violating the
Texas traffic code for allowing an un-licensed driver [to] operate her vehicle. 


 The Officer did not have probable cause to search the van prior to the
K-9 sweep. The Officer did not have the Defendant's consent to search the
vehicle. The Officer did not possess sufficient articulable fact[s] to justify a
continued detention of the Defendant's vehicle after he concluded his traffic
investigation. The Officer interrupted the traffic stop to perform a K-9 sweep. 
The Defendant was detained at the scene while the K-9 was brought out and
swept the Defendant's van. The Officer never indicated he intended to arrest
the Defendant or her husband for the traffic offenses he noted. 


 There was little or no delay between the time the Officer had
concluded his traffic investigation and began the "real" reason for the stop,
a drug search. Even a minimal detention or seizure which is not supported
with sufficient facts to justify it is unreasonable.


This appeal ensued. 

II. Discussion

 In its sole issue, the State contends that the trial court erred in granting Eva's motion
because the trial court "failed to recognize two valid exceptions to the warrant requirement
of the Fourth Amendment." When the defendant shows that a search or seizure occurred
without a warrant, as in this case, the burden shifts to the State to prove the
reasonableness of the warrantless search or seizure. Torres v. State, 182 S.W.3d 899,
902 (Tex. Crim. App. 2005). 

 A review of the procedural history of this case reveals that the State fell woefully
short of articulating a ground for reasonableness of the continued detention, much less the
"two valid exceptions" to the search-warrant requirement that are urged on appeal. Not
only did the State fail to file a written response to Eva's motion, but, at the suppression
hearing, it did not present any ground to deny Eva's motion. Additionally, the State did not
file the supplemental briefing that the trial court requested. The court of criminal appeals
has held that ordinary notions of procedural default apply equally to the defendant and the
State, and that the basic appellate principle that points not argued at trial are deemed
waived applies to the State when it is the appellant. State v. Mercado, 972 S.W.2d 75,
77-78 (Tex. Crim. App.1998).

 The State's presentation of a "new" issue on appeal is procedurally similar to State
v. Huddleston, 164 S.W.3d 711, 713 (Tex. App.-Austin 2005, no pet.). In Huddleston, the
State appealed a trial court's suppression of evidence of drunk driving on the basis that the
initial traffic stop was invalid. Id. After the trial court granted the defendant's motion to
suppress, the State filed a motion for rehearing urging alternative theories to justify the
traffic stop, but no hearing on the State's motion was held. Id. at 716. The trial court later
made a docket sheet entry stating that its previous ruling granting the motion to suppress
"stands." Id. On appeal, the State reurged its "alternative theories." Id. The Austin Court
of Appeals held that the alternative theories were waived under the doctrine of procedural
default. Id.

 Accordingly, under the rules of procedural default established by Mercado and
elaborated by Huddleston, we hold that the State waived its sole issue by failing to present
it--or anything--to the trial court. See Mercado, 972 S.W.2d at 77-78; Huddleston, 164
S.W.3d at 716.

III. Conclusion

 The trial court's suppression order is affirmed.


 ________________________

 ROGELIO VALDEZ

 Chief Justice

 

Do Not Publish. Tex. R. App. P. 47.2(b)

Memorandum Opinion delivered and filed 

this the 27th day of August, 2009. 
1. We note that neither Meakins nor the State supplied the trial court with a citation to the specific
section of the transportation code that was allegedly violated.