Opinion issued January 27, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00136-CR

———————————

Sandra Arroyo, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the County Criminal Court at Law #2

Harris County, Texas



Trial Court Case No. 1606840

 



 

MEMORANDUM OPINION

After the
trial court denied her motion to suppress evidence, appellant, Sandra Arroyo, with
an agreed punishment recommendation from the State, pleaded guilty to the
offense of driving while intoxicated.[1]  In accordance with the plea agreement, the
trial court sentenced appellant to 180 days in jail, suspended the sentence,
placed her on community supervision, and assessed a fine of $1,000.  In two points of error, appellant contends
that the trial court erred in denying her motion to suppress evidence because the
arresting officer did not have reasonable suspicion to detain her.[2]

We affirm.

Background

In the trial court, appellant moved
to suppress evidence of any “[b]reath-test, statements, acts, or refusal to
cooperate or perform a field sobriety test at the scene of the [arrest] or at
the officer’s video room” on the ground that they were “the products of the
illegal detention, arrest, and search.”

At the trial court’s hearing on
appellant’s motion, Texas Department of Public Safety Trooper T. Grillet testified
that on June 14, 2009, at approximately 4:50 a.m., he was driving southbound on
Highway 59 in Harris County, Texas.  He saw
a car traveling at approximately 55 miles per hour, ten miles below the posted
speed limit, and “drift out of its lane.” 
The car “went from the second inside lane to the inside lane and back”
where “both left wheels went over the marked lane and then back into her lane
and then back over that lane again.”  Grillet
explained that although he saw the car “twice drift into the other lane,” the
car did not “completely change lanes, it just drifted over and [came] back.”  He noted that this “drifting” drew his
attention to the car.  Grillet then saw a
second car, traveling directly behind the first car.  He explained that he “was under the
assumption” that the driver of the second car “was attempting to pass” the
first car, but was unable to do so due to the fact that the first car was “drifting
out of its lane and driving ten miles under the speed limit.”  Grillet opined that “it was unsafe” to pass
“given the situation” and the way the first car was being driven.  Grillet then drove his car to the left side
of the second car, pulled in behind the first car, and activated his emergency
lights, at which point the video camera on his car activated.  After he initiated the traffic stop, he
learned that appellant was the driver and sole occupant of the first car.  The second car also stopped, and Grillet
learned that appellant’s boyfriend had been driving it.  

Grillet explained that given his
“twenty years experience,” he was aware that there are a “significant amount of
intoxicated drivers out” at 4:50 a.m. on a Sunday morning, and he “figured there
was a possibility that [appellant] had been drinking and could possibly be
intoxicated.”  However, he conceded that he
had no evidence that appellant was coming from a bar or a party, and he did not
see any cars “evading” or “swerve away” from appellant.  

After receiving testimony from
Trooper Grillet and hearing the argument of counsel, the trial court denied appellant’s
motion.  

Standard of Review

In reviewing a trial court’s ruling on a motion to suppress
evidence, we apply a bifurcated standard of review.  Carmouche
v. State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000).  We give almost total deference to the trial
court’s determinations on all fact questions and on application-of-law-to-fact
questions[3]
that turn on an evaluation of credibility and demeanor.  Johnson
v. State, 68 S.W.3d 644, 652 (Tex. Crim. App. 2002).  We view the record and all reasonable
inferences from the record in the light most favorable to the trial court’s
ruling and sustain the ruling if it is reasonably supported by the record and
is correct under any theory of law applicable to the case.  Villarreal
v. State, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996).

Reasonable Suspicion 

In two points of error, appellant argues that the trial
court erred in denying her motion to suppress evidence because the State failed
to prove that Trooper Grillet “had reasonable suspicion to make a warrantless
stop of [appellant’s] car under the Fourth Amendment of the United States
Constitution and article 1, section 9 of the Texas Constitution.”[4]

A “stop” by a law enforcement officer “amounts to a
sufficient intrusion on an individual’s privacy to implicate the Fourth
Amendment’s protections.”  Carmouche, 10 S.W.3d at 328.  However, it is well-established that a law
enforcement officer may stop and briefly detain a person suspected of criminal
activity on less information than is constitutionally required for probable
cause to arrest.  Terry v. Ohio, 392 U.S. 1, 21, 88 S. Ct.
1868, 1880 (1968); Carmouche, 10
S.W.3d at 328.  In order to stop or
briefly detain an individual, an officer must be able to articulate something
more than an “inchoate and unparticularized suspicion or ‘hunch.’”  Terry, 392 U.S. at 27, 88 S. Ct. at 1883.  Instead, an officer must have “reasonable
suspicion” that an individual is violating the law.  Ford v. State, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005).  Reasonable suspicion exists when the officer
has some minimal level of objective justification for making the stop, i.e.,
when the officer can “point to specific and articulable facts which, taken
together with rational inferences from those facts, reasonably warrant [the]
intrusion.”  Terry, 392 U.S. at 21, 88 S. Ct. at
1880; see also Alabama v. White,
496 U.S. 325, 329–30, 110 S. Ct. 2412, 2416 (1990).  We disregard the subjective belief of
the officer in our reasonable suspicion analysis and consider the totality of
the circumstances objectively.  Ford, 158 S.W.3d at 492–93.  

Appellant asserts that the State “failed to adduce
sufficient specific, articulable facts to show she committed a traffic
violation” and “failed to prove how the manner in which she drove gave rise to
reasonable suspicion of driving while intoxicated.”  Appellant argues that no facts existed to show
that her driving “impeded the normal and reasonable movement of traffic” or
that her reduced speed caused the unsafe operation of her car because she “was
not driving in the passing lane,” she was only traveling ten miles an hour
below the speed limit, there was no minimum speed limit, no other cars were
backed up, her “boyfriend was not flashing his lights to signal he could not
pass her,” and “[h]er boyfriend drove back to the scene
. . . and never complained about her impeding him.”  

It is well-established that an officer may lawfully stop an
individual for a traffic violation.  Walter v. State, 28 S.W.3d 538, 542
(Tex. Crim. App. 2000).  In Texas, “an
operator on a roadway divided into two or more clearly marked lanes for traffic
[] shall drive as nearly as practical entirely within a single lane[] and may
not move from the lane unless that movement can be made safely.”  See
Tex. Transp. Code Ann. §
545.060(a) (Vernon 2003).  Furthermore,
an “operator may not drive so slowly as to impede the normal and reasonable
movement of traffic, except when reduced speed is necessary for safe operation
or in compliance with the law.”  Tex. Transp. Code Ann. § 545.363(a)
(Vernon 2003).  

In support of her argument that Trooper Grillet’s
observations did not create reasonable suspicion to stop or detain her for
traveling below the speed limit, appellant relies on two cases: Tex. Dep’t of Public Safety v. Gonzales,
276 S.W.3d 88 (Tex. App.—San Antonio 2008, no pet.) and Richardson v. State, 39 S.W.3d 634 (Tex. App.—Amarillo 2000, no
pet.).  In Gonzales, the court held that the officer had no reasonable
suspicion to stop the defendant.  276
S.W.3d at 95.  The officer could not
recall the traffic conditions, gave no testimony that the defendant’s drifting[5] or
low speed was unsafe, and offered only a conclusory statement that the
defendant was “impeding traffic” by traveling below the speed limit.  Id. at
94.  The officer testified that there was
no other basis for stopping the defendant aside from the fact that the
defendant was traveling below the speed limit.  Id.  The officer did not state that he suspected
the defendant was intoxicated nor did he provide any testimony that the
defendant’s driving was unsafe.  Id. 
In Richardson, the court held
that the officer did not have a reasonable suspicion to stop the defendant when
the officer mistakenly believed the driver was traveling twenty miles below the
speed limit.  39 S.W.3d at 638.  The officer noted that there were no cars behind
the defendant waiting to pass and that the only reason for the stop was because
the defendant was traveling below the speed limit and impeding traffic.  Id.  Here, in contrast, Trooper Grillet expressly
stated that appellant’s driving below the speed limit and weaving in and out of
her lane made it “unsafe” for another car to pass and that he believed she
might be intoxicated.  

Appellant further asserts that “failure to maintain a single
lane of traffic alone” does not justify an investigative stop.  See Fowler
v. State, 266 S.W.3d 498 (Tex. App.—Fort Worth 2008, pet. ref’d) (holding
no reasonable suspicion for stop based on defendant crossing into adjacent lane
when officer expressly stated that the movement of the car was not unsafe or
dangerous); State v. Huddleston, 164
S.W.3d 711, 713–14  (Tex. App.—Austin
2005, no pet.) (reasoning that officer’s observations of car drifting “twice to
the right side of the roadway and cross[ing] over the white shoulder stripe, or
fog line” did not create reasonable suspicion); Hernandez v. State, 983 S.W.2d 867, 868–70 (Tex. App.—Austin 1998,
pet. ref’d) (holding that the State did not show reasonable suspicion based only
on officer’s observation that defendant’s car “drifted slightly across a lane
marker a single time”); State v. Tarvin,
972 S.W.2d 910, 911–12 (Tex. App.—Waco 1998, pet. ref’d) (finding no reasonable
suspicion for detention when defendant’s tires crossed “the solid white line at
the right-hand side of the road on two or three occasions”).  

Here, as in the above cases, Trooper Grillet stopped
appellant after observing her car drift across the lane marker into the next
lane.  However, in considering the
totality of the circumstances, Grillet also based his reasonable suspicion on
appellant driving her car ten miles per hour below the speed limit, the fact
that it was 4:50 a.m. on a Sunday morning, a time at which more individuals
drive intoxicated, and it appeared the car behind appellant was attempting to
pass, but could not do so because appellant’s driving was “unsafe.”  See Reed
v. State, 308 S.W.3d 417, 421 (Tex. App.—Fort Worth 2010, no pet.) (finding
that officer’s testimony that he stopped defendant because of her driving
violations and because he had suspected that she might be intoxicated based on
the time of day, area of the city, and his experience with intoxicated drivers
exhibiting similar characteristics of driving supported a reasonable suspicion
that the defendant was driving while intoxicated); see also Curtis v. State, 238 S.W.3d 376, 380–81 (Tex. Crim. App.
2007) (applying totality of circumstances test and concluding that rational
inference could be made that driver was intoxicated based on driver’s weaving,
time of day, and officer’s experience); Moreno
v. State, No. 01-03-02033-CR, 2004 WL 2307416, *3 (Tex. App.—Houston [1st
Dist.] Oct. 14, 2004, no pet.) (mem. op.) (concluding that officer’s testimony
of low speed, in-lane weaving, and failure to maintain single lane raised
sufficient facts to justify stop based on reasonable suspicion that appellant
was intoxicated); McQuarters v. State, 58 S.W.3d 250, 255 (Tex. App.—Fort Worth 2001, pet. ref’d)
(concluding that officer’s testimony that defendant was driving at slow speed
in left lane and crossed over center line raised sufficient facts to justify
stop based on reasonable suspicion that defendant was intoxicated).

We conclude that Trooper Grillet’s observations of appellant’s
driving were sufficient to justify the stop of appellant based on a reasonable
suspicion that she had committed a traffic violation or was driving while
intoxicated.  Accordingly, we hold that
the trial court did not abuse its discretion in denying appellant’s motion to
suppress evidence.  

We overrule appellant’s first and second point of
error.  

Conclusion

We affirm the judgment of the trial
court.  

 

 

                                                                   Terry
Jennings

                                                                   Justice


 

Panel
consists of Justices Jennings, Alcala, and Sharp.

Do
not publish.  Tex. R. App. P. 47.2(b).











[1]           See
Tex. Penal Code Ann. § 49.04
(Vernon 2009).

 





[2]           See
U.S. Const. amend. IV; see also Tex. Const. art. I, § 9.

            





[3]
          Also referred to as “mixed
questions of law and fact.”  Guzman v. State, 955 S.W.2d 85, 89 (Tex.
Crim. App. 1997). 





[4]
          When an appellant does not
separately brief state and federal constitutional claims, we assume she claims
no greater protection under the state constitution than that provided by the
federal constitution.  See Reed v. State, 308 S.W.3d 417, 419
n.3 (Tex. App.—Fort Worth 2010, no pet.); Varnes
v. State, 63 S.W.3d 824, 829 (Tex. App.—Houston [14th Dist.] 2001, no
pet.).  Therefore, we will analyze
appellant’s claims solely under the Fourth Amendment of the United States
Constitution, following guidelines set by the United States Supreme Court in
interpreting the Fourth Amendment.  See State v. Guzman, 959 S.W.2d 631, 633
(Tex. Crim. App. 1998).  

 





[5]
          As appellant points out in her
brief, the court noted that the police report, which was admitted into
evidence, stated that the officer also observed the defendant drifting within
his lane of travel.  Tex. Dep’t of Public Safety v. Gonzales, 276 S.W.3d 88, 94 (Tex.
App.—San Antonio 2008, no pet.).  The
officer, however, explained that the only reason for the stop was due to the
defendant driving below the speed limit. 
Id.