

# NUMBER 13-12-00307-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI − EDINBURG

**THE STATE OF TEXAS,**                                           **Appellant,**

**v.**

**ROBERT MORALES,**                                               **Appellee.**

## On appeal from the County Court at Law No. 4 of Nueces County, Texas.

## MEMORANDUM OPINION ON REHEARING

**Before Chief Justice Valdez and Justices Benavides and Longoria**
**Memorandum Opinion on Rehearing by Chief Justice Valdez**

On May 9, 2013, we issued an opinion affirming the granting of appellee's motion to suppress. *State v. Morales*, 13-12-00307-CR, 2013 WL 1932892 (Tex. App.—Corpus Christi May 9, 2013, no pet.). Subsequently, the State filed a motion for rehearing, arguing that, in our opinion, this Court "misplaced the burden of proof by requiring the State to object to the movant's failure to prove an element of his Fourth

Amendment claim," and improperly presumed findings in support of the trial court's decision. We deny the State's motion for rehearing, withdraw our prior opinion and judgment, and substitute the following opinion and accompanying judgment.

By two issues, appellant, the State of Texas, challenges the trial court's granting of appellee's motion to suppress. In issue one, the State argues that the police officer did not detain appellee because appellee was passed out and not aware of the officer's actions. In the alternative, the State claims in its second issue that the testimony of the officer established that he had reasonable suspicion to detain appellee. We Affirm.

## I.    BACKGROUND

On May 31, 2012, Officer Christopher Simnacher was patrolling the 1000 block of Carmel Parkway when he spotted a black Pontiac parked and running on the side of the road with an electrical cord sticking out of the passenger side door that was attached to a tire inflation device sitting on the ground outside of the vehicle. Officer Simnacher then parked behind the vehicle and activated his lights. Officer Simnacher approached the vehicle and found appellee passed out in the driver's seat. He arrested appellee, who was subsequently charged with driving while intoxicated. *See* TEX. PENAL CODE ANN. § 49.04 (West Supp. 2012).

On April 12, 2012, the trial court held a hearing on appellee's motion to suppress. At the hearing, counsel for appellee clarified that appellee was only challenging the initial stop as a detention without reasonable suspicion and not the existence of probable cause to arrest. Officer Simnacher testified that he approached the vehicle because he believed there might be a burglary in progress. He testified that there had been a lot of auto and residential burglaries in the area where he arrested appellee,

2

which he had been patrolling for one or two months. He testified that it was not uncommon for cars to be parked on that street. He testified that when he parked behind the vehicle and activated his lights, he could not see anyone in the vehicle. He testified that it was abnormal for someone to park a vehicle and leave it running at 5:00 a.m. He further testified that "no normal person is going to leave—even if they have their car running, they're not going to leave something strung out, especially with a cord stuck in the door." The trial court granted appellee's motion to suppress because it found that Officer Simnacher did not have reasonable suspicion to detain appellee.

The trial court entered the following findings of fact and conclusions of law:

### Findings of Fact

1. The Court finds that Officer approached a vehicle.

2. The Court finds the vehicle was parked on the side of the street.

3. The Court finds that the police officer parked behind the vehicle.

4. The Court finds that the officer approached the vehicle because it may have been involved in a burglary or there may have been a residential burglary.

5. The Court finds that the police officer did not testify to any articulable facts regarding any vehicle burglaries or residential burglaries.

6. The Court finds that the police officer made contact with the individual and arrested him for Driving While Intoxicated.

### Conclusions of Law

1. The Court concludes the officer approached the vehicle based on a suspicion or mere hunch.

2. The Court concludes the officer lacked reasonable suspicion based on his testimony, to approach and detain defendant.

3. The Court concludes that the officer did not articulate any activity out of the ordinary or any indication related to the crime.

3

## II.    DETENTION

In its first issue, the State, in its appellate brief, argues that appellee was not actually detained because he "passed out and was unaware of the officer's actions." At the motion to suppress hearing, however, the State argued only that Officer Simnacher had reasonable suspicion to detain and that he was conducting an investigation as part of his "community safekeeping" duties.

The Texas Court of Criminal Appeals has held that ordinary notions of procedural default apply equally to the defendant and the State, and that the basic appellate principle that points not argued at trial are deemed waived applies to the State when it is the appellant. *State v. Mercado*, 972 S.W.2d 75, 77–78 (Tex. Crim. App. 1998). We, therefore, cannot reverse a trial court's decision on a theory of law not presented to the trial court. *Id.*; *State v. Huddleston*, 164 S.W.3d 711, 716 (Tex. App.—Austin 2005, no pet.) (finding, in an appeal of a granted motion to suppress, the State could not advance an argument on appeal that an officer stopped a vehicle based on reasonable suspicion that the driver was intoxicated when the State's sole argument  at trial was that the officer stopped the vehicle because of a statutory traffic violation); *see also  State v. Campos*, No. 13-09-00200-CR, 2009 WL 2914398, 13-09-00200-CR, at **5–7 (Tex. App.—Corpus Christi, Aug. 27 2009, no pet.) (mem. op., not designated for publication) (finding that the court of appeals could not consider the State's argument that the trial court "failed to recognize two valid exceptions to the warrant requirement of the Fourth Amendment" when the State did not argue that they applied during the suppression hearing). The State is required to make specific objections to the defendant's basis for suppression in order to afford the trial court the opportunity to rule on it and to afford

4

opposing counsel an opportunity to respond to it. *Martinez v. State*, 91 S.W.3d 331, 335 (Tex. Crim. App. 2002) (finding that the court could not consider the argument that a statute did not apply in the circumstances when the argument was not raised in the trial court).

As stated above, a review of the record reveals that, at the suppression hearing, the State argued only that the officer had reasonable suspicion and that he was conducting an investigation as part of his "community safekeeping" duties. The prosecuting attorney never argued that appellee was not detained, nor did he argue that he could not be detained because he was unaware of the officer's actions. The trial court, therefore, had no opportunity to consider this argument or to make a factual determination regarding whether or not appellee was aware of the officer's actions. We therefore hold that, by failing to present it to the trial court, the State waived the argument, on appeal, that appellee was not detained because he was unaware of the officer's actions. *See Mercado*, 972 S.W.2d at 77; *Huddleston*, 164 S.W.3d at 716; *see also Campos*, 2009 WL 2914398, at **5–7.

We recognize that "[o]n a motion to suppress evidence, the defendant bears the initial burden of producing some evidence that rebuts the presumption of proper police conduct. Once the defendant meets this burden by establishing that the search or seizure occurred without a warrant, the burden shifts to the State to prove the search or seizure was prompted by reasonable suspicion that an individual was violating the law." *See Abney v. State*, 394 S.W.3d 542, 547 (Tex. Crim. App. 2013). We, however, find that appellee presented evidence that Officer Simnacher detained appellee by stopping behind appellee's vehicle and activating his emergency lights. The prosecutor, at the

5

hearing, never argued that appellee failed to establish that a detention occurred, but the State now argues on appeal that appellee had the burden to prove that he was conscious when he was detained. We disagree.

After appellee presented evidence providing a basis for the trial court to conclude that a detention occurred, the fact that the ultimate burden to prove that a detention occurred rested with appellee did not relieve the State of its responsibility to make a specific objection based on the same legal theory it raises on appeal in order to preserve the issue for review. *Martinez*, 91 S.W.3d at 335 (reasoning that the State is required to make specific objections to the defendant's basis for suppression in order to afford the trial court the opportunity to rule on it and to afford opposing counsel an opportunity to respond to it.). Instead, to preserve error for appeal, the State was required, at the hearing, to bring its allegation that appellee was unconscious and therefore not aware of the officer's actions to the trial court's attention so that it could make fact-findings and a proper ruling on the issue. *See Mercado*, 972 S.W.2d at 77; *Huddleston*, 164 S.W.3d at 716; *see also Campos*, 2009 WL 2914398, at **5–7; *see also Martinez*, 91 S.W.3d at 335.

Indeed, Texas courts have held that standing can be raised on appeal for the first time because a defendant's "privacy interest in the premises searched is an element of their Fourth Amendment claim, which they bear the burden of establishing." *See Klima v. State*, 934 S.W.2d 109, 110 (Tex. Crim. App. 1996). However, while the fact that detention occurred, like standing, is also an element of appellant's claim, this reasoning has been limited to the issue of standing. *Mercado*, 972 S.W.2d at 78 (reasoning that cases allowing the state to assert an argument as an appellant for the first time on

6

appeal "are limited to the issue of standing"). Furthermore, in the present case, unlike *Klima*, the issue of whether a detention actually occurred is not being considered for the first time on appeal. *See Klima,* 934 S.W..2d at 110. Instead, appellee established a basis for the existence of a detention and the State failed to object to it using the same legal theory, or pointing to the same facts, it now advances on appeal. *See Martinez*, 91 S.W.3d 331, 335. Therefore, the defendant and trial court were not on notice of the legal theory or the facts that the State now contends cause appellee's allegation that a detention occurred to fail. *See Klima,* 934 S.W.2d at 110.

We overrule the State's first issue.

### III. REASONABLE SUSPICION

Because the State has waived its argument that there was no detention, we now turn to its contention that the trial court erred by finding the officer lacked reasonable suspicion to detain appellee. The State asserts that Officer Simnacher's encounter with "an unoccupied vehicle that was parked, turned on and running with its lights on with an electrical cord strung out of its passenger car door at around five o'clock in the morning in an area well known for car burglaries and house burglaries" was enough to create reasonable suspicion. Appellee counters that the officer detained appellee with the sole purpose to investigate the possibility of a burglary because there had been burglaries in that neighborhood in the past and for no other reason stated. Appellee argues that there were not enough facts to support reasonable suspicion because the car was parked in a neighborhood where other cars park; Officer Simnacher noted nothing strange about the car; and there was no unusual activity connected to appellee.

### A. Standard of Review

7

We review a motion to suppress evidence under a bifurcated standard. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). The trial judge's determinations of historical facts and mixed questions of law and fact that rely on credibility are granted almost total deference when supported by the record. *Id.* But when mixed questions of law and fact do not depend on the evaluation of credibility and demeanor, we review the trial judge's ruling de novo. *Id.* Whether the facts known to the officer at the time of the detention amount to reasonable suspicion is a mixed question of law that is reviewed de novo on appeal. *Ornelas v. United States*, 517 U.S. 690, 699 (1996) (holding that determination of reasonable suspicion should be reviewed de novo on appeal, with deference to judges' findings of historical facts); *State v. Mendoza*, 365 S.W.3d 666, 670 (Tex. Crim. App. 2012). Accordingly, when a trial judge rules on a motion to suppress and makes explicit factual findings, an appellate court must determine whether the findings are supported by the record, using an abuse of discretion standard and giving the trial court almost "total deference." *State v. Kerwick*, ___ S.W.3d____, 2013 WL 690840, at *9 (Tex. Crim. App. Feb. 27, 2013); *see State v. Castleberry*, 332 S.W.3d 460, 465 (Tex. Crim. App. 2011) ("When the trial judge makes explicit findings of fact, we afford those findings almost total deference as long as the record supports them, regardless of whether the motion to suppress was granted or denied."). The Court must then undertake a de novo review when considering whether the findings of fact support the legal conclusions of the trial court. *Kerwick*, ___ S.W.3d____, 2013 WL 690840, at *9; *see State v. Sheppard*, 271 S.W.3d 281, 288 (Tex. Crim. App. 2008).

**B.    Applicable Law**

The Fourth Amendment to the United States Constitution permits a warrantless detention of a person if the detention is justified by reasonable suspicion. *Terry v. Ohio*, 392 U.S. 1, 28, 88 (1968); *Derichsweiler v. State*, 348 S.W.3d 906, 914 (Tex. Crim. App. 2011). "[A] law enforcement officer's reasonable suspicion that a person may be involved in criminal activity permits the officer to stop the person for a brief time and take additional steps to investigate further." *Hiibel v. Sixth Judicial Dist. Court*, 542 U.S. 177, 185 (2004). Reasonable suspicion to detain a person exists if an officer has specific, articulable facts that, combined with rational inferences from those facts, would lead him to reasonably conclude that the person detained is, has been, or soon will be engaged in criminal activity. *York v. State*, 342 S.W.3d 528, 536 (Tex. Crim. App. 2011). These facts must show unusual activity, some evidence that connects the detainee to the unusual activity, and some indication that the unusual activity is related to a crime. *Martinez v. State*, 348 S.W.3d 919, 923 (Tex. Crim. App. 2011). "Although an officer's reliance on a mere 'hunch' is insufficient to justify an investigatory stop, . . . the likelihood of criminal activity need not rise to the level required for probable cause." *United States v. Arvizu*, 534 U.S. 266, 274 (2002). The test for reasonable suspicion focuses solely on whether an objective basis exists for the detention and disregards the officer's subjective intent. *Terry*, 392 U.S. at 21–22; *York*, 342 S.W.3d at 536. A reasonable suspicion determination requires looking at the totality of the circumstances and reasonable suspicion may exist even if those circumstances standing alone may be just as consistent with innocent activity as with criminal activity. *York*, 342 S.W.3d at 536. Courts have considered an officer's testimony that activity occurs in a high crime area as support for the existence of reasonable suspicion. *See Castleberry*, 332

S.W.3d at 368. However, this fact is not sufficient, on its own or in conjunction with other purely speculative evidence, to create reasonable suspicion. *See Gamble v. State*, 8 S.W.3d 452, 454 (Tex. App.—Houston [1st Dist.] 1999, no pet.).

Recently, the Texas Court of Criminal Appeals reversed a granting of a motion to suppress finding, contrary to the holdings of the trial court and court of appeals, that a police officer did have reasonable suspicion to stop a car and detain its driver. *Kerwick,* ___ S.W.3d____, 2013 WL 690840, at *15. In *Kerwick*, the trial court entered findings of fact that the officer was responding to a dispatch call that there was a fight in front of a bar and that, when the officer arrived at the bar, a person standing outside pointed to the car and stated "there they are right there." *Id.* The *Kerwick* Court held that the trial court and appeals court erred in concluding that the officer lacked reasonable suspicion because "the trial judge's findings of fact list[ed] specific, articulable facts known to [the officer] at the time he detained [appellee]." *Id.* at *10.

## C. Analysis

Here, as an initial matter, we find that Officer Simnacher's testimony at the suppression hearing supported the trial court's findings of fact. However, the trial court made very few specific findings of fact. Consequently, from the findings of fact, the only objective facts regarding reasonable suspicion we are left to consider in our de novo review of the court's conclusions of law are that the officer approached a car parked on the side of the street.[1] This is not enough to support a claim of reasonable suspicion to detain.

---

[1] We must disregard the trial court's second factual finding that Officer Simnacher believed that a burglary may have been in progress because an officer's subjective beliefs are not relevant to the determination on reasonable suspicion. *See Kerwick*, ___ S.W.3d____, 2013 WL 690840, at **8–9; *Terry*, 392 U.S. at 21–22; *York*, 342 S.W.3d at 536.

10

Officer Simnacher testified that the car was not parked in an illegal area and that there were other cars parked in the area. The trial court did not make any findings of fact regarding the officer's testimony that the car was turned on or that there was a cord protruding from the passenger side door attached to a tire inflation device; therefore, we must give the court discretion to disbelieve the officer's testimony in this regard. *See Guzman*, 955 S.W.2d at 89. However, even if we were to determine that the trial court believed all of the officer's testimony, these facts would be insufficient to lead a reasonable officer to conclude that the person in the vehicle was committing or about to commit a crime, as this evidence is too speculative to support a rational inference that a burglary or other crime could be in progress. *See York*, 342 S.W.3d at 536. Unlike *Kerwick*, the officer in the present case was not responding to a dispatch call that a crime was being committed, nor was there anyone at the scene who called attention to the vehicle. *See Kerwick,* ___ S.W.3d____, 2013 WL 690840, at *2. Furthermore, while Texas courts in some cases have relied on an officer's testimony that suspected criminal activity occurred in a "high crime area" to support reasonable suspicion, here, the trial court did not make a finding of fact on its view of Officer Simnacher's general testimony about previous burglaries in the area and actually entered a specific finding of fact that "the police officer did not testify to any articulable facts regarding any vehicle burglaries or residential burglaries." *See Castleberry*, 332 S.W.3d at 468; *Guzman*, 955 S.W.2d at 89. We therefore must give the trial court deference to disbelieve the officer's testimony that burglaries had previously occurred in the area, and if we found that it did believe this testimony, we would determine, in our de novo review, that the trial court did not afford it much weight because it found that Officer Simnacher did not provide

11

articulable facts to indicate that his inference was objectively reasonable.  Additionally, Officer Simnacher's testimony did not establish enough facts about the specific situation which, in conjunction with his knowledge that burglaries had previously occurred in the area, would give rise to reasonable suspicion.  *See Gamble*, 8 S.W.3d at 454.

Therefore, given the totality of the circumstances as we have determined from the trial court"s limited findings of fact and Officer Simnacher's speculative testimony, we find that Officer Simnacher lacked reasonable suspicion to detain appellee.  *See Terry*, 392 U.S. at 21–22; *York*, 342 S.W.3d at 536.

## D.  Sufficiency of Findings of Fact

Recently, in *Elias*, the court of criminal appeals found that because a trial court entered "specific findings and conclusions *sua sponte*" that the court "deemed 'essential' to its ruling," it "assumed an obligation to make findings and conclusions that were adequate and complete, covering every potentially *dispositive* issue" in the matter. *See* 339 S.W.3d 667, 676–77 (Tex. Crim. App. 2011) (emphasis added).  This *Elias* approach requires courts to "remand the case to the trial judge to make findings of fact with greater specificity if the original findings are insufficient to resolve the legal question."[2]  *State v. Mendoza,* 365 S.W.3d 666, 670 (Tex. Crim. App. 2012) (citing

---

[2] As it has recently recognized, the court of criminal appeals has outlined two possible approaches to implied findings when findings of fact and conclusions of law have been entered by the trial court. *State v. Mendoza*, 365 S.W.3d 666, 670 (Tex. Crim. App. 2012).  The Court in *Mendoza* explained, "One way of dealing with insufficient factual findings might be to revert to our former *Ross* presumption that the trial judge made all possible implied findings of fact that are supported by the record and consistent with her ultimate legal ruling.  But, in *Elias*, this Court decided that the more prudent course would be to remand the case to the trial judge to make findings of fact with greater specificity if the original findings are insufficient to resolve the legal question." *Id.* (citing *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000); *State v. Elias*, 339 S.W.3d 667, 676–77 (Tex. Crim. App. 2011)); *see also Martinez v State*, No. PD-1338-11, 2012 WL 1868492, at **4–5 (Tex. Crim. App. May 16, 2012) (mem.op., not selected for publication).  However, as the *Mendoza* court clarifies, the court of criminal appeals has not overturned *Ross* nor has it specifically prohibited courts from taking the *Ross* court's approach.  *See Mendoza*, 365 S.W.3d at 670; *Ross*, 32 S.W.3d at 855.

12

*State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000)); *Elias*, 339 S.W.3d at 676–77).

However, even applying the *Elias* approach, our reasoning is not in error as we have specifically found that any implied findings referenced in this opinion are not on dispositive issues, and the trial court's findings were, therefore, not "insufficient to resolve the legal question" in this case. *See Mendoza*, 365 S.W.3d at 670; *Elias*, 339 S.W.3d at 676–77. In this opinion, we explicitly state, "However, even if we were to determine that the trial court believed all of the officer's testimony, these facts would be insufficient to lead a reasonable officer to conclude that the person in the vehicle was committing or about to commit a crime, as this evidence is too speculative to support a rational inference that a burglary or other crime could be in progress." And regarding the officer's testimony that appellee was found in a high-crime area, we state, "if we found that [the trial court] did believe this testimony, we would determine, in our de novo review, that the trial court did not afford it much weight because it found that Officer Simnacher did not provide articulable facts to indicate that his inference was objectively reasonable." As established by this explicit reasoning, we have determined that any issue not addressed in the trial court's findings would not affect the outcome of the case and that, with or without any implied findings, the trial court's findings of fact were sufficient to resolve the legal issue and support the trial court's judgment. We therefore decline to remand this case for further findings of fact. *See Mendoza*, 365 S.W.3d at 670; *Elias*, 339 S.W.3d at 676–77.

We overrule the State's second issue.

13

## IV.    CONCLUSION

We affirm the trial court's granting of appellee's motion to suppress.

_____
ROGELIO VALDEZ
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
17th day of October, 2013.