COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| EFRAIN CALLEROS, JR., | § | No. 08-13-00022-CR |
| Appellant, | § | Appeal from the |
| v. | § | County Court at Law No. 1 |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 20100C11327) |
| | § | |

## **O P I N I O N**

Efrain Calleros, Jr. appeals the trial court's judgment convicting him of misdemeanor DWI. *See* TEX.PENAL CODE ANN. § 49.04 (West Supp. 2014). In one issue, Calleros argues the trial court improperly denied his motion to suppress because the police had no legitimate basis to stop him. We affirm.

### **FACTUAL AND PROCEDURAL BACKGROUND**

While on patrol in the early morning hours of August 7, 2010, DPS Trooper Oscar Hernandez observed Calleros driving an oncoming vehicle without a front license plate. Knowing that vehicles registered in Texas must display front and rear license plates, Hernandez turned around to initiate a traffic stop.[1] Only after stopping Calleros did Hernandez notice a valid,

---

[1] *See* Act of May 23, 1995, 74th Leg., R.S., ch. 165, § 1, 1995 TEX.GEN.LAWS 1025, 1523 (former TEX.TRANSP.CODE

temporary buyer's tag affixed to the vehicle where a rear license plate would have been displayed. Hernandez knew it was permissible for a vehicle recently purchased in Texas to display a temporary buyer's tag instead of two license plates, and he acknowledged that if he had seen the tag he would not have stopped Calleros.[2] But Hernandez did not see the tag while pursuing Calleros because of what he described as Calleros's "ridiculous" and "evasive" driving behavior. In any event, upon stopping Calleros, Hernandez proceeded to question Calleros, which led to Calleros's arrest for DWI.

After he was charged with DWI, Calleros moved to suppress the evidence obtained during his encounter with Hernandez on the basis, among others, that the traffic stop was unlawful because it "was made without any reasonable suspicion that he was engaged in criminal activity." At the hearing, Calleros informed the trial court several times that the scope of his motion concerned the "stop alone." He argued Hernandez's decision to stop him was not supported by reasonable suspicion because Hernandez ascertained "he had one license plate, which is not a violation, which is legal." Swayed by this argument, the trial court granted the motion.

The Stated moved for reconsideration, Calleros objected,[3] and the trial court held a hearing on the matter. At the hearing, the trial court announced it had erred in granting the motion. Consequently, the trial court signed an order granting the State's motion for reconsideration and

ANN. § 502.404 (West Supp. 2011)(redesignated as TEX.TRANSP.CODE ANN. § 502.473)("A person commits an offense if the person operates on a public highway a during a registration period a passenger car or commercial motor vehicle that does not display two license plates, at the front and rear of the vehicle . . . .").

[2] *See* TEX.TRANSP.CODE ANN. § 503.063(a), (b)(West Supp. 2014)("a dealer shall issue to a person who buys a vehicle one temporary buyer's tag for the vehicle . . . the buyer's tag is valid for the operation of the vehicle until the earlier of . . . the date on which the vehicle is registered . . . or . . . the 60th day after the date of purchase.).

[3] In his written response to the State's motion to reconsider, Calleros asserted the trial court lacked jurisdiction to reconsider its ruling. In his brief, however, Calleros concedes "Texas case law gives the trial court authority to do what Judge Herrera did."

denying Calleros's motion to suppress. Calleros requested, and the trial court issued, findings of fact and conclusions of law. Especially pertinent here, the trial court found:

> (6) Trooper Hernandez . . . observed a vehicle traveling northbound with no front license plate. This is a traffic offense. Trooper Hernandez activated his unit and proceeded to conduct a stop of defendant's vehicle based on no front license plate.
>
> .          .          .
>
> (7) The Court believed that the trooper genuinely thought he had observed a traffic violation.
>
> .          .          .
>
> (10) While Trooper Hernandez subsequently determined that the vehicle had a temporary license tag on the rear of said vehicle, he had not initially made that observation, and his stop was predicated simply on not having observed a front license plate.

Based on its findings, the trial court concluded:

> (1) It is a traffic violation for an individual to operate a motor vehicle with no front license plate.
>
> (2) This was the trooper's good faith belief that he had observed a traffic violation and it wasn't readily apparent to him that there was in fact a temporary license tag on the Defendant's vehicle until he had pulled it over.

Calleros subsequently entered into a plea agreement, pled guilty, and received three days' confinement in the county jail.

## REASONABLE SUSPICION

The issue in this case is whether Hernandez had reasonable suspicion to believe Calleros violated Texas law by operating a vehicle without a front license plate. Calleros asserts Hernandez lacked reasonable suspicion to stop him on that basis because Hernandez subsequently determined he was operating a vehicle displaying a valid, temporary buyer's tag, and Hernandez therefore did not have a reasonable suspicion that any criminal conduct was occurring. Calleros

3

thus argues the trial court abused its discretion in denying his motion to suppress.   We disagree.

### *Applicable Law*

A traffic stop constitutes a seizure for purposes of the Fourth Amendment and therefore must be supported by reasonable suspicion that an individual was committing or had committed a traffic violation.   *Davis v. State*, 947 S.W.2d 240, 242-45 (Tex.Crim.App. 1997)(citing and discussing *Terry v. Ohio*, 392 U.S. 1, 19-20, 88 S.Ct. 1868, 1879, 20 L.Ed.2d 889 (1968) for this proposition).   "Reasonable suspicion exists if the officer has specific, articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably conclude that a particular person actually is, has been, or soon will be engaged in criminal activity."   *Castro v. State*, 227 S.W.3d 737, 741 (Tex.Crim.App. 2007).   In determining whether a police officer had reasonable suspicion to initiate a traffic stop, courts must consider the totality of the circumstances and look solely to whether there was an objective basis for the stop.   *Id*.

### *Standard of Review*

In reviewing the trial court's ruling on a motion to suppress, we use a bifurcated standard of review to evaluate the totality of the circumstances and determine whether reasonable suspicion exists.   *Abney v. State*, 394 S.W.3d 542, 547 (Tex.Crim.App. 2013).   Under that bifurcated standard, we give almost total deference to the trial court's determination of historical facts supported by the record, but we consider *de novo* the trial court's application of the law to facts not turning on credibility and demeanor.   *Id*.   Further, we employ a similar bifurcated standard when, as here, the trial court makes findings of fact and conclusions of law.   First, we determine whether the evidence, when viewed in the light most favorable to the court's ruling, supports its findings.   *Id* at 548.   Second, we review the trial court's legal ruling *de novo* unless its explicit fact findings

4

supported by the record are also dispositive of the legal ruling. *Abney*, 394 S.W.3d at 548.

*Discussion*

Under the totality of the circumstances, Hernandez had an objective basis to stop Calleros because he reasonably suspected Calleros was violating the statutory requirement that a vehicle have both a front and rear license plate. It is undisputed that Calleros's vehicle had no front license plate. When Hernandez passed Calleros, he was moving in the opposite direction and did not have the opportunity to notice the valid, temporary dealer tag affixed to rear of Calleros's vehicle. Nor did Hernandez notice the tag when he turned around and pursued Calleros. It was dark, and Calleros was driving in a "ridiculous" and "evasive" behavior. Only after stopping Calleros did Hernandez ascertain he had not violated any traffic law. But the possibility that there was no violation, and the subsequent determination that there was not, does not mean Hernandez's initial suspicion was unreasonable. His observations, although incomplete, were sufficient to give rise to a reasonable suspicion that Calleros's vehicle did not comply with state law. Accordingly, Hernandez had a legitimate basis to stop Calleros. *See Kelly v. State*, 331 S.W.3d 541, 549 (Tex.App.--Houston [14th Dist.] 2011, pet. ref'd)(concluding Sheriff's deputy had reasonable suspicion, based on absence of front license plate on appellant's vehicle, to stop appellant for traffic violation); *Goudeau v. State*, 209 S.W.3d 713, 715-18 (Tex.App.--Houston [14th Dist.] 2006, no pet.)(concluding police officer had reasonable suspicion, based on absence of front license plate on appellant's vehicle, to stop appellant for traffic violation, even though, upon stopping vehicle, officer noticed a rear license plate labeled as "antique automobile"); *Foster v. State*, 814 S.W.2d 874, 876, 878 (Tex.App.--Beaumont 1991, pet. ref'd), *abrogated on other grounds by Geesa v. State*, 820 S.W.2d 154 (Tex.Crim.App. 1991)(concluding police officer had

5

probable cause, based on absence of rear license plate on appellant's vehicle, to stop appellant for traffic violation, even though, upon stopping vehicle, officer noticed valid temporary license plate not initially visible because of tinted back window).

Calleros argues there was no objective basis justifying the stop once Hernandez realized he had not committed a traffic violation.[4]   In support of his argument, Calleros cites three cases for the proposition that Hernandez did not have reasonable suspicion to stop him because the supposed traffic infraction forming the basis for the stop in fact was not a violation of state law. *See State v. Dixon*, 206 S.W.3d 587, 590-91 (Tex.Crim.App. 2006)(concluding stop was invalid where the trial court found defendant did not commit the two alleged traffic violations); *State v. Huddleston*, 164 S.W.3d 711, 713-14 (Tex.App.--Austin 2005, no pet.)(concluding officer lacked reasonable suspicion to believe appellant violated traffic law when he observed appellant's vehicle cross a fog line without endangering any other cars); *U.S. v. Lopez-Valdez*, 178 F.3d 282, 288-89 (5th Cir. 1999)(concluding officer lacked probable cause to stop appellant for displaying cracked taillight because displaying a cracked taillight was not a traffic violation).

Calleros's reliance on these cases is misplaced.   In each of them, the specific, articulable facts revealed that the alleged infractions upon which the vehicles were stopped were not based in law.   In other words, the objective review of the record demonstrated that the arresting officer in each of these cases did not observe a violation of any applicable statute or ordinance before

---

[4] Calleros also contends that, because there was no objective basis justifying the stop, Hernandez was not authorized to detain him further.   An investigatory stop is reasonable if the initial stop is justified and the scope of the investigation is reasonably related to the circumstances that justified the interference in the first place.   *Terry*, 392 U.S. at 19-20, 88 S.Ct. at 1879.   But Calleros never complained in the trial court about the scope of Hernandez's investigation.   Indeed, as noted above, Calleros informed the trial court that his motion to suppress concerned only whether the investigatory stop was justified.   And, in his brief, Calleros acknowledges that "the hearing was limited to the legality of the traffic stop . . . ."   Thus, to the extent Calleros is arguing Hernandez's investigation exceeded the scope of the traffic stop, he waived this argument by failing to raise it first in the trial court.   *See* TEX.R.APP.P. 33.1 (To present a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion).

initiating the traffic stop. Here, by contrast, an objective review of the record establishes that driving without a front license plate is a violation of the law and that Hernandez had reasonable suspicion to believe Calleros was violating this law when he observed Calleros pass him. In other words, Hernandez observed a traffic violation before stopping Calleros.

Based on the foregoing, we conclude the trial court did not err in denying Calleros's motion to suppress the evidence.

Calleros's issue is overruled.

## CONCLUSION

The trial court's judgment is affirmed.

November 21, 2014

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, J., and Larsen, Senior Judge
Larsen, Senior Judge (Sitting by assignment)

7